UNITED STATES DISTRICT COURT

DISTRICT OF NORTH DAKOTA, EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. 3:22-cr-00184-PDW-17 |
| ) | |
| Brett T. Hoiby, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM IN SUPPORT OF MOTION FOR SEVERANCE OF THE TRIAL AND CHANGING THE VENUE OF THE TRIAL

[¶1]   COMES NOW Defendant, Brett T. Hoiby, by and through his attorney Michael M. Ward of Minot, North Dakota and respectfully moves this Court for an Order granting him trial on the counts with which he is charged in the indictment separate from that of his eighteen (18) co-defendants in accordance with the relevant provisions of Rules 8 and 14 of the Federal Rules of Criminal Procedure.   In support of this motion, Defendant shows the following:

[¶2]    Brett T. Hoiby is charged in the indictment with four counts, along with attendant forfeiture allegations.  Count One charges Conspiracy to Possess with intent to Distribute and Distribute Controlled Substances in violation of 21 USC Section 846; Count 25 charges Trafficking in Firearms-Conspiracy in violation of 18 USC Section 933 (a) (1)-(3); Count 26 charges Knowingly Transfer of Firearms for Use in a Crime of Violence or Drug Trafficking Crime-Conspiracy in violation of 18 USC Section 924 (h); and Counts 25 and 26 both charge Aiding and Abetting in violation of 18 USC Section 2.

[¶3]    These four (4) counts appear in the context of a thirty-four (34) count Indictment in the instant case, with eighteen (18) other defendants, some of whom are facing allegations of a continuing criminal enterprise, money laundering, and solicitation to

1

commit a crime of violence i.e., murder—all in which the Government does not contend the involvement of Brett T. Hoiby.

[¶4] Brett T. Hoiby contends that the above recitation shows that to try all counts in the same trial would expose him to a real and substantial risk of prejudice resulting in denial of a fair trial and possible wrongful conviction, in violation of his due process rights under the Fifth Amendment. The potential of spillover prejudice from joinder in the indictment is substantial, and threatens to deny Brett T. Hoiby a fair trial.

[¶5] While the joinder of all counts and defendants for trial in the instant case is facially valid under the provisions of Rule 8 of the Federal Rules of Criminal Procedure below, the inquiry does not stop with the Government meeting the bare bones of the Rule.

[¶6] Rule 8(a) of the Federal Rules of Criminal Procedure provides as follows:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

[¶7] Rule 8 (b) of the Federal Rules of Criminal Procedure also states:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

[¶8] However, Rule 14 of the Federal Rules of Criminal Procedure authorizes severance of the counts in this case:

> **If it appears that a defendant** or the Government **is prejudiced by a joinder of defenses or of defendants in an indictment or information**, or **by such joinder for trial together**, the Court may order an election or separate trial of counts, grant a severance of defendants or provide whatever other relief justice requires. (Emphasis added).

[¶9]     What is contended is prejudice to a defendant from misjoinder.  Specifically in regard to the claim of misjoinder, defendant Brett T. Hoiby respectfully directs this Court's attention to the case of **U.S. v. Huggans**, 650 F.3d 1210 (8th Cir. 2011), wherein the Court stated:

> "Only in an unusual case, however, will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder." *United States v. Kirk,* 528 F.3d 1102, 1107 (8th Cir.2008) (internal quotation marks omitted). "Even if two counts are improperly joined we will reverse a court's denial of motion to sever only if the misjoinder results in actual prejudice, i.e., the misjoinder has a substantial and injurious effect or influence on the verdict." *Al–Esawi,* 560 F.3d at 891–92.

[¶10]    An "unusual case" standard sets a high bar, but it is met in the facts of the instant case.  Not met by the number of defendants—there have been other cases with more, nor by the number of counts, again, there have indeed been more—but the one sour note in the grand opera of conspiracy and controlled substances set forth by the Government. Photographic evidence disclosed in the process of discovery has shown a plethora of images of controlled substances alleged to be possessed by the other defendants, yet no photographs exist of the alleged hundreds of grams of marijuana purportedly seized from the residence of Brett T. Hoiby which was contrary to all of the others. In addition, in going through the evidence there is none showing Mr. Hoiby Jr being engaged in the sale or marketing of any drug including marijuana. In addition, the whole reason for making a search of Brett T. Hoiby's house was that Jessica Trottier the leader of the conspiracy happened to stay there and the drugs taken from his house (marijuana) could have been hers.  There is no statement that they were Brett's or even that his house was secure in such a way that he would have known that she had left some there.  In short, the most likely serenade shown by the drugs was that they were Jessica Trottier's drugs and not like the major drugs used by the others sold in the conspiracy.

[¶11]    Again, from of **U.S. v. Huggans,** the 8th Circuit stated:

> We have recognized that "[prejudice may result from **a possibility that the jury might use evidence of one crime to infer guilt on the other or that the jury might  cumulate the evidence to find guilt on all crimes when it would not have found guilt if the crimes were considered separately**." *United States v.*

3

> *Davis,* 103 F.3d 660, 676 (8th Cir.1996). However, "a defendant does not suffer any undue prejudice by a joint trial if the evidence is such that one crime would be probative and admissible at the defendant's separate trial of the other crime." *Id.* In *United States v. Boyd,* 180 F.3d 967 (8th Cir.1999). (Emphasis added).

[¶12]   Counsel would submit that photographs of drugs have probative value on as to the drugs depicted—not to other alleged controlled substances of a completely different type (marijuana) found in a completely separate location. The risk of prejudice to Brett T. Hoiby is real under the facts and circumstances of the instant case no matter what is done by the defense attorney or judge to try and get the jury not to consider them as such.

[¶13]   For the above and foregoing reasons, defendant Brett T. Hoiby requests that the counts brought against him in this indictment be severed for separate trial from the remaining eighteen (18) defendants and thirty (30) counts in the Indictment herein.

## CONCLUSION

[¶14]   Certainly Brett T. Hoiby's chief disadvantage is likely to be that he is innocent of any of the charges so would not know the objectives of the group, but he is being tried with those who there is considerable evidence against as provided by the AUSA likely painting him with the same brush. All of the other defendants were drug sellers. There is no evidence that Brett T. Hoiby was engaged in use or marketing of drugs. Brett T. Hoiby past record is clear of such and the only drugs found at his place was marijuana after Trottier spent the night there and not labeled as his by any means.

[¶15]   In this case specially as to Brett T. Hoiby their defenses are mutually antagonistic and Hoiby should be allowed to have a separate trial.

[¶16]   Furthermore Brett T. Hoiby is being tried in Fargo instead of the Western part of the state where none of the alleged evidence against him such as guns existed and where Brett T. Hoiby is not even shown to have been alleged to carry out any illegal activity. Accordingly, he should be tried in the Western District. By forcing Brett T. Hoiby to defend in the Eastern district it is going to punish him by being forced to go to Fargo to defend the case.   Just considering the cost of hotel rooms and not counting food etc. if he

can find a hotel room for $100 for himself and his attorney it will cost him $ 6,000, which Brett T. Hoiby does not have. This results in him actually having to pay a large fine while the Government puts on Its evidence against all the other parties to the case. Any witness Brett T. Hoiby calls will be from the other side of the state making it cost prohibited to call such witnesses.

[¶17]   Certainly the reason for this separation of venues is to make sure that a presumed innocent man's rights are protected rather than if it is more convenient for the prosecution.

[¶18]   Among the thousands of pages of evidence there is almost no evidence against Brett that is proven or even shown, but a great chance that the other members and the prosecution will be attempting to make it look like everyone is equally guilty and their defenses are going to be mutually antagonistic to Brett which makes it only fair that he should have a separate trial in Western North Dakota where anything Brett T Hoiby had to do with any of these people occurred.

[¶19]                Respectfully submitted this 5th  day of July, 2023.

/s/Michael M. Ward, ND Bar ID #02830
Attorney for the Defendant Brett T Hoiby
Martin Law
Heritage Place
201 South Main Street Suite 200
Minot ND 58701
mike.9273@yahoo.com

## UNITED STATES DISTRICT COURT

## DISTRICT OF NORTH DAKOTA, EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. 3:22-cr-00184-PDW-17 |
| ) | |
| Brett T. Hoiby, ) | |
| ) | |
| Defendant. ) | |

## **CERTIFICATE OF SERVICE**

[¶ 1]   I, Michael Ward, Attorney at Law, hereby certify and affirm that on the date below, I served the following:


1. MOTION FOR SEVERANCE AND MEMORANDUM IN SUPPORT OF MOTION AND MOTION FOR CHANGING THE VENUE OF THE TRIAL

      to:

Alexander James Stock
DOJ-USAO
Attorney's Office
655 1st Avenue North
Ste 250
Fargo, ND 58102

701-297-7437
alexander.stock@usdoj.gov

                    Dated this 5th day of July, 2023.

                              /s/Michael Ward, ND Bar ID # 02830
                              Attorney for Defendant Brett T Hoiby
                              Martin Law
                              Heritage Place
                              201 South Main Street Suite 200
                              Minot ND 58701