IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DANA MICHAEL THOMAS,<br><br>    Defendant. | Case No. 3:22-cr-184-08<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR RELEASE** |

The United States of America, by Mac Schneider, United States Attorney for the District of North Dakota, and Alexander J. Stock, Assistant United States Attorney, has received the defendant's Motion for Release. (Doc. 459.) The United States opposes the motion for the reasons set forth below.

The defendant is charged with one count of Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance, and one count of Possession with Intent to Distribute a Controlled Substance. (Doc. 81.) The alleged charges in count one carries a minimum mandatory sentence of 10 years' imprisonment, with a maximum sentence of life. The defendant is currently in custody, having waived his right to a detention hearing. (Doc. 352 *SEALED*.)

Title 18, U.S.C. § 3142, provides in relevant part, that there is a rebuttable presumption for detention when the charged offense carries a maximum sentence of imprisonment of 10 years or more as prescribed in the Controlled Substances Act. 18 U.S.C. § 3142(d)(3)(A). The offense for which the defendant is charged meets the criteria establishing a rebuttable presumption for detention. The defendant waived the opportunity

for a detention hearing, and now asserts he should be granted release to enter the Teen Challenge Program. He seemingly asserts that such a placement overcomes the presumption for detention, however, sets forth no basis to believe placement at Teen Challenge will alleviate any concerns as to the defendant's risk of non-appearance and danger to the community. He merely indicates that "[r]esidents are not allowed passes without permission from staff and their supervising pretrial services officer." (Doc. 459.)

The United States opposes the motion as noted above. The basis for the opposition lies in large part with the information in the bond report related to the defendant's prior history. As can be seen in the bond report, the defendant has an extensive criminal history. His history includes multiple convictions for alcohol related offenses, multiple drug related offenses, multiple fleeing law enforcement offenses, multiple domestic assault offenses, and a violation of a no contact order for which he was on supervision when the instant offense allegedly occurred. Just as significant, the defendant has been the subject of more than 30 bench warrants for failure to appear, probation violations, and an Order to show cause.

If the defendant's motion were granted, the defendant would not be in custody, would not be in a secured facility, and would be in position to walk away or flee at any time. His history reflects a significant risk of non-appearance and a potential danger to the community. The structure in this proposed program is only a deterrent if the defendant's desire to comply with the rules is stronger than his desire to continue his past behaviors. Considering his previous history while on supervision it appears he is more inclined to

follow his past ways.

The defendant has failed to rebut the pretrial presumption that he remain in detention in this case. No condition or combination of conditions will ensure his appearance or the safety of the community. He cannot meet his burden to overcome the presumption and should remain in detention pending trial.

Dated: July 17, 2023

                              MAC SCHNEIDER
                              United States Attorney

By: */s/ Alexander J. Stock*
ALEXANDER J. STOCK
Assistant United States Attorney
ND Bar ID 07979
655 First Avenue North, Suite 250
Fargo, ND 58102-4932
(701) 297-7400
alexander.stock@usdoj.gov
Attorney for United States