IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION** |
| vs. | ) | **TO SEVER AND TRANSFER VENUE** |
| | ) | |
| Brett T. Hoiby, | ) | Case No. 3:22-cr-00184 |
| | ) | |
| Defendant. | ) | |

On Defendant Brett T. Hoiby moves to to sever and transfer venue. Doc. 451. The United States opposes the motion. Doc. 456. For the reasons below, the motion is denied.

**I.    Motion for Severance of Trial**

Hoiby moves to be tried separately from his-codefendants. Doc. 451 at 1-3. Hoiby and various co-defendants are charged in count one of the indictment with conspiracy to possess with intent to distribute and distribute controlled substances. Doc. 81. Hoiby is also charged in count twenty-five with trafficking in firearms—conspiracy, and in count twenty-six with knowingly transfer of firearms for use in a crime of violence or drug trafficking crime—conspiracy. Id.

To start, Hoiby concedes he was properly joined with his co-defendants. Id. at 2. If defendants are properly joined in the first instance, there is a strong presumption against severance, especially in drug conspiracy cases. United States v. Noe, 411 F.3d 878, 886-87 (8th Cir. 2005). "It will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators." United States v. Kehoe, 310 F.3d 579, 590 (8th Cir. 2002). Nevertheless, Rule 14(a) of the Federal Rules of Criminal Procedure "vests the district court with authority to order severance if consolidation for trial appears to prejudice the government or a defendant." United States v. Beckman, 787 F.3d 466, 491 (8th Cir. 2015). Prejudice precludes otherwise valid joinder "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the

defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993).

Hoiby contends he would be prejudiced by being tried with his alleged co-conspirators because much of the evidence would apply to the co-conspirators and not him. Doc. 451 at 1-4. Mere disparity of evidence against co-defendants or the alleged prejudicial spillover effect of evidence against a co-defendant are not grounds for severance "absent a showing the jury will be unable to compartmentalize the evidence against each individual defendant." United States v. Kime, 99 F.3d 870, 880 (8th Cir. 1996). Hoiby has not shown the jury will be unable to compartmentalize the evidence against each individual defendant. Further, the Supreme Court has held in similar cases that "[e]ven if there were some risk of prejudice, here it is of the type that can be cured with proper instructions and juries are presumed to follow their instructions." Zafiro v. United States, 506 U.S. 534, 540 (1993). Hoiby has not satisfied his burden to show prejudice, and on this record, severance is not appropriate.

**II.     Motion to Transfer Venue**

Hoiby also moves for a transfer of venue from the Eastern Division in Fargo to the Western Division in Bismarck. Doc. 456 at 4-5. However, there is no right to be tried in a particular division of a district. See United States v. Wipf, 397 F.3d 677, 686 (8th Cir. 2005). Hoiby's argument is premised on it being more convenient and less financial burdensome for himself and potential witnesses to attend trial in western North Dakota. Doc. 456 at 4-5. Hoiby cites no authority to support this proposition. In any event, without more, financial hardship and convenience are insufficient to support a transfer to a different division within a federal district. United States v. Davis, 785 F.2d 610, 616 (8th Cir. 1986). On this record, transfer of Hoiby's trial to the Western Division is not appropriate.

3

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, Hoiby's motion to sever and transfer venue (Doc. 451) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 21st day of September, 2023.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court

3