UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JESSICA MARIE TROTTIER, a/k/a,<br>JESSICA MARIE LATTERGRASS;<br>ARTURO GUZMAN;<br>CESAR AMBROSIO LOPEZ; and<br>MATTHEW ZENON WOOD;<br><br>　　　　　Defendants. | Case No. 3:22-cr-184<br><br>**UNITED STATES' MOTION TO CONTINUE TRIAL** |

　　The United States of America, by Mac Schneider, United States Attorney for the District of North Dakota, and Alexander J. Stock, Brett M. Shasky, and Dawn M. Deitz, Assistant United States Attorneys, hereby moves the Court for a continuance of the trial currently scheduled for June 4, 2024.

　　This motion is made under 18 U.S.C. § 3161(h)(3)(A) because Fargo Police Officer Alex Torp is an essential witness who is unavailable for trial. This motion is also made under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice are best served by granting a continuance and outweigh the best interest of the public and the defendants in a speedy trial, as three of the four defendants still set for trial have moved for continuances, and two defendants were either just appointed new counsel and/or are currently in the process of obtaining new counsel, who will need time to adequately review voluminous discovery materials and adequately advise their clients and prepare for trial.

1

### I.   An essential witness is unavailable for trial.

Under 18 U.S.C. § 3161(h)(3)(A), delay caused by the unavailability of an essential witness is excluded from the speedy trial clock calculation. Officer Alex Torp is unavailable for trial on the currently scheduled date because he is out of the country on military deployment in Syria. Attached as Exhibit 1 is a copy of Officer Torp's mobilization orders. The orders indicate Torp will return to the country no later than November 4, 2024, but in speaking with his commanding officer, the United States believes Torp will return to the country in late August 2024. Torp was mobilized on November 5, 2023, and his unavailability is not due to a lack of diligent preparation on the part of the United States.

Torp is an essential witness in the case because he discovered a large quantity of methamphetamine and fentanyl linked to Defendant Jessica Trottier and the overall drug conspiracy. Torp's testimony is essential for the United States to prove Counts One, Two, and Five of the Second Superseding Indictment. The United States recently learned of Torp's unavailability when it began trial preparations but did not make a motion to continue at that time due to other defendants already having made motions to continue. Given those continuance motions have not yet been granted, the United States is now making this continuance request due to Torp's unavailability.

### II.   The ends of justice are best served by a continuance and outweigh the best interest of the public and the defendants in a speedy trial.

This motion is also made under 18 U.S.C. § 3161(h)(7)(A), because Trottier (through prior counsel), Guzman (through prior counsel), and Lopez have all moved for continuances for various reasons.[1] The ends of justice are best served by granting a continuance for the reasons indicated in the codefendants' motions, in addition to the factors outlined in 18 U.S.C. § 3161(h)(7)(B). The Court may continue the trial date if proceeding to trial (i) would be impossible or result in a miscarriage of justice; (ii) would be unreasonable in light of the complexity of the case; or (iv) would deny the defendant reasonable time to obtain counsel and for effective trial preparation. While each of these factors on their own is sufficient for the Court to grant a continuance in this matter, the totality of these circumstances further supports the granting of a continuance.

Trottier was just appointed new counsel who has not been able to meet with her, nor has he reviewed the nearly 50,000 pages of discovery in this case, not including hundreds of thousands of pages of phone downloads, thousands of intercepted audio calls, and many hours of audio interviews. Additionally, Arturo Guzman no longer has an attorney of record in this case, and new counsel must be appointed, meet with his/her client, and review the discovery before proceeding to trial.

The amount of discovery materials cannot in any due diligence be reviewed by new defense counsel in time to be properly prepared for trial on June 4, 2024.

---

[1] Codefendant Matt Wood has objected to the continuance. This should give the Court no pause in granting a continuance based on the ends of justice under the circumstances here. See United States v. Herbst, 666 F.3d 504, 510 (8th Cir. 2012) (affirming the granting of a continuance when appellant objected to his own counsel's continuance request because 18 U.S.C. § 3161(h)(7)(A) excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . at the request of the defendant _or_ his counsel . . . .") (emphasis added).

Furthermore, new counsel may want to explore potential resolutions with the United States before proceeding to trial. Therefore, the ends of justice will be served by allowing these new attorneys to become familiar with the case, review the massive and complex discovery materials, explore potential avenues of resolution, and effectively and zealously advocate for their client. Not affording the new attorneys adequate time could result in excessive litigation, including ineffective assistance of counsel claims, which are not in the interest of justice or in the best interest of the public. See United States v. Elmasri, No. 12-00283-15-CR-W-BCW, 2014 WL 12703785 (W.D. Mo. May 21, 2014) (affirming the granting of a continuance because of how complex the case was and "it would be unreasonable to expect defense counsel to prepare this case adequately for trial; the failure to grant a continuance would deny defense counsel reasonable time necessary for effective preparation—thereby depriving defendants of their rights to effective assistance of counsel; the ends of justice served by granting a continuance outweighed the best interests of the public and the defendants in a speedy trial.") (cleaned up).[2]

For these reasons, the United States requests that the Court continue this matter until early September 2024. This should give the new attorneys adequate time for preparation, and the essential witness will then be available to testify.

---

[2] This case was originally indicted in October 2022, about 19 months ago. Continuing the trial will not result in an overly lengthy delay. See generally United States v. Cooley, 63 F.4th 1173 (8th Cir. 2023) (citing to delays of 32 months, 40 months, 37 months, and 35 months in affirming a 29-month delay between indictment to trial did not violate Sixth Amendment right to speedy trial).

Dated:  May 15, 2024.

                        MAC SCHNEIDER
                        United States Attorney

By:   */s/ Alexander J. Stock*
       ALEXANDER J. STOCK
       Assistant United States Attorney
       ND Bar ID 07979
       655 First Avenue North, Suite 250
       Fargo, ND  58102-4932
       (701) 297-7400
       alexander.stock@usdoj.gov
       Attorney for United States

By:   */s/ Brett M. Shasky*
       BRETT M. SHASKY
       Assistant United States Attorney
       ND Bar ID 04711
       655 First Avenue North, Suite 250
       Fargo, ND  58102-4932
       (701) 297-7400
       brett.shasky@usdoj.gov
       Attorney for United States

By:   */s/ Dawn M. Deitz*
       DAWN M. DEITZ
       Assistant United States Attorney
       ND Bar ID 06534
       655 First Avenue North, Suite 250
       Fargo, ND  58102-4932
       (701) 297-7400
       dawn.deitz@usdoj.gov
       Attorney for United States