## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ADOPTING STIPULATION** |
| | ) | |
| vs. | ) | Case No. 3:22-cr-184(1) |
| | ) | |
| Jessica Marie Trottier, | ) | |
| | ) | |
| Defendant. | ) | |

The parties filed a stipulation of competency as to Defendant Jessica Marie Trottier. Doc. 1129. Trottier's counsel moved for a psychological evaluation to determine competency. Doc. 739. The Court granted the motion. Doc. 808. Dr. Cynthia A. Low, a licensed clinical psychologist for the Federal Bureau of Prisons, performed the evaluation. On August 30, 2024, her evaluation was filed. Doc. 887. Dr. Low issued a detailed report based on the evaluation and opined that the Trottier is presently competent to proceed to trial and that she understands the nature and consequences of the proceedings against her and can properly assist in her defense. Id.

"Determining whether a defendant is competent to stand trial 'is committed to the discretion of the district court.'" United States v. DeCoteau, 630 F.3d 1091, 1095 (8th Cir. 2011) (quoting United States v. Whittington, 586 F.3d 613, 617 (8th Cir. 2009)). There is a three-part process for determining mental competency to stand trial under 18 U.S.C. § 4241. United States v. Ferro, 321 F.3d 756, 760 (8th Cir. 2003). The first step is to determine by a preponderance of the evidence whether the defendant suffers from a "mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[.]" 18 U.S.C. § 4241(d). In Dusky v. United States, 362 U.S. 402 (1960), the United States Supreme Court said that it is not enough

for the district court to find that a defendant is oriented to time and place and has some recollection of events. Instead, the question before the Court is whether the defendant presently has a rational and factual understanding of the proceedings against him and the present ability to consult with his lawyer with a reasonable degree of rational understanding. <u>DeCoteau</u>, 630 F.3d at 1095 (citing <u>Dusky</u>, 362 U.S. at 402).

Dr. Low is a well-trained and competent professional, and her opinions are reasonable, straightforward, and unchallenged. She conducted an extensive review of Trottier's records and utilized several psychological tests and forensic assessments to formulate her opinions on competency. The Court incorporates by reference into this order each of the specific factual findings made by Dr. Low as to Trottier's competency to stand trial. Based on the undisputed evidence in the record, and the evaluation (Doc. 887), the Court **ADOPTS** the stipulation (Doc. 1129) and finds that Trottier is competent to proceed, she can understand the nature and the consequences of the proceedings against her, and she is able to properly assist in her defense. <u>See</u> 18 U.S.C. § 4241(d).

**IT IS SO ORDERED**.

Dated this 14th day of July, 2025.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court
