IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | Case No. 3:22-cr-184 |
| Plaintiff, | * | |
| -vs- | * | **BRIEF IN SUPPORT OF MOTION** |
| JESSICA MARIE TROTTIER, a/k/a | * | **TO DISMISS** |
| JESSICA MARIE LATTERGRASS, | * | |
| Defendant. | * | |

COMES NOW the defendant, Jessica Marie Trottier (hereinafter "Trottier"), by and through her court-appointed attorneys, Christopher D. Dohrer and Thomas Cogley of Aberdeen, South Dakota, who respectfully submit this brief in support of her motion to dismiss.

## INTRODUCTION

In this brief, citations to the Criminal Docket for the above-captioned case will be made by reference to "DOC", followed by the number of the corresponding document (i.e., "DOC 1").

## PROCEDURAL AND FACTUAL BACKGROUND

Trottier was initially charged in this case by Complaint, dated on or about September 19, 2022.[1] Her initial appearance was set for September 23, 2022.[2] The initial appearance was held that day, and Trottier was ordered detained pending further

---

[1] DOC 1.

[2] DOC 28.

hearing.³ A detention hearing was held September 28, 2022, and Trottier was ordered to be detained pending trial.⁴

On or about October 5, 2022, a grand jury was convened, and Trottier's case was indicted.⁵ Arraignment was originally scheduled for November 1, 2022; however, for various reasons, the arraignment was delayed and ultimately held on December 28, 2022.⁶

Following arraignment, the Court entered its Pretrial Order and Jury Trial Notice, setting trial for August 1, 2023.⁷ In it, this Court ordered that, if a motion for a continuance was made, that "[A] Defendant requesting a continuance shall file a signed waiver of the Speedy Trial Act requirements."⁸

The last defendant to be joined to the case was arraigned on June 2, 2023. As such, Trottier's speedy trial clock began to run on this date.⁹

---

³ DOC 49.

⁴ DOC 66, 71.

⁵ DOC 80.

⁶ DOC 200, 201, 226, 245, 251.

⁷ DOC 437.

⁸ Id. at paragraph IV.

⁹ This Court determined that the speedy trial clock for all defendants commenced on June 2, 2023, when co-defendant David Joseph Knuth was arraigned. See DOC 704, pg. 3. Trottier does not necessarily concede that this ruling is correct; however, she does

Various motions for continuance were then filed by co-defendants in the case. Specifically, motions were made by Jeremy William Hoover on June 20, 2023[10]; Arturo Guzman on June 29, 2023[11]; and David Joseph Knuth on July 13, 2023[12]. Trottier did <u>not</u> consent to any of these continuance requests, despite this Court's order of June 14, 2023.[13]

## ARGUMENT AND AUTHORITIES

As this Court has previously indicated, a constitutional challenge under the Sixth Amendment, and statutory challenges under the Speedy Trial Act are reviewed separately. <u>United States v. Sprouts</u>, 282 F.3d 1937, 1041 (8th Cir. 2000).

1. **Speedy Trial Act**

First, under the Speedy Trial Act, a trial is to commence "within seventy days from the filing date ... of the ... indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). In the instant case, Trottier's speedy

---

recognize that it is the law of the case at this time. For purposes of this motion, the undersigned will utilize this date as the operative date.

[10] DOC 439.

[11] DOC 446.

[12] DOC 463.

[13] DOC 437.

trial clock began to run on June 2, 2023. Seventy days from that date is August 11, 2023. Trottier's trial, therefore, was required to begin on or before August 11, 2023.

During that time, three co-defendants made requests for continuance of the trial date that had been set by the Court. Trottier recognizes that the Speedy Trial Act requirements can be tolled in certain situations. See 18 U.S.C. § 3161(h). However, Trottier <u>did not consent, in writing</u> to any of those continuance requests, despite this Court's order requiring such a consent to be executed to be effective against Trottier (or any other co-defendant):

>   **IV.   MOTIONS FOR CONTINUANCE**: All motions for continuance shall be considered by the Court when the opposing party has filed a response. <u>A Defendant requesting a continuance shall file a signed waiver of the Speedy Trial Act requirements.</u> See 18 U.S.C. § 3161.[14]

As such, any request for continuance by any other co-defendant is ineffective as to Trottier. For this reason alone, this Court must find that Trottier's rights under the Speedy Trial Act have been violated, requiring dismissal of this case.

**2.   Sixth Amendment Right to Speedy Trial**

The right to a speedy trial pursuant to the Sixth Amendment "attaches as the time of arrest or indictment, whichever comes first, and continues until the trial commences." United States v. Williams, 557 F.3d 943, 948 (8th Cir. 2009). This Court must engage in a "difficult and sensitive balancing process" to evaluate this claim under

---

[14] DOC 437 (emphasis added).

the Sixth Amendment.  Barker v. Wingo, 407 U.S. 514, 533 (1982).  This Court has already performed this balancing test in relation to co-defendant Matthew Zenon Wood.[15]

To begin, Trottier made her initial appearance in this matter on September 23, 2022.  In other words, her initial appearance occurred over three (3) years ago.  A delay of one year has been held to be "presumptively prejudicial."  United States v. Flores-Lagones, 993 F.3d 550, 563 (8th Cir. 2021).  Certainly, a three year delay is also "presumptively prejudicial."

Therefore, this Court must perform the balancing test set forth in Barker to determine whether Trottier's case should be dismissed.  The first factor, length of delay, was addressed above.  Trottier's case is over three years old, and therefore this factor falls in her favor.

The second factor, the "reason for delay", involves determining "who is responsible for the delay, (namely) the defendant or the government."  Flores-Lagones at 563 (citations omitted).  In this case, Trottier did not consent to any continuance requests during calendar year 2023, following the commencement of the running of the speedy trial clock.  Therefore, the only reasonable conclusion for the delay is to attribute the delay to the government.

---

[15] DOC 704.

The third factor is the defendant's assertion of the right.  Id. at 563.  Trottier is asserting her right now; further, she did not consent to any continuance requests made by her co-defendants.

The fourth factor is prejudice to the defendant.  Id.  As discussed above, the length of delay in this case is "presumptively prejudicial."  "Promptly bringing defendants to trial prevents excessive incarceration before trial, with its attendant evils, and avoids harming the defendant's ability to fairly defend (her)self due to the potential loss of evidence and witnesses."  Id. at 564 (citing Barker, 407 U.S. at 531).  The Eighth Circuit has further indicated:

> [W]e generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify. While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other Barker criteria, it is part of the mix of relevant facts, and its importance increases with the length of delay.

Id. at 564.  Here, Trottier asserts that her excessive pretrial confinement has prejudiced her defense.  Witnesses have come and gone, memories have changed or faded, and as such, Trottier's defense has been prejudiced.

To be clear, Trottier's Sixth Amendment Right to a speedy trial was violated when this trial was not commenced on or before August 11, 2023.  The undersigned anticipates that the Government will, at least in part, rely on Trottier's competency motion as a basis to deny relief to Trottier in this case.  That motion was not

filed by Trottier's then-counsel until April 11, 2024, or approximately eight (8) months after Trottier's rights were violated.[16] As such, it would be unfair to say that Trottier caused any of the delay at issue, given that her right to a speedy trial was violated well before the competency motion was filed.

## CONCLUSION

Trottier's rights under both the Speedy Trial Act and the Sixth Amendment were violated, when the case was not set down for trial before August 11, 2023. She did not consent to any motions for continuance made by co-defendants, and this Court's order required her consent to any such motion. As such, Trottier's rights have been violated, and this case must be dismissed.

Respectfully dated this 29th day of September, 2025.

DOHRER LAW OFFICE


By   /s/ *Christopher D. Dohrer*
    Attorney for Defendant
418 South Main Street
Aberdeen, South Dakota 57401
Telephone: 605-226-1673
Facsimile: 605-226-5438
Email: cdohrerlaw@nvc.net

---

[16] DOC 739.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of September, 2025, a true and correct copy of the foregoing **Brief in Support of Motion to Dismiss** was served electronically by the clerk's office on:

Mr. Alexander J. Stock
Assistant U.S. Attorney
655 First Avenue North, Suite 250
Fargo, ND 58102-4932

Mr. Thomas Cogley
Cogley Law Office
418 South Main Street
Aberdeen, SD 57401

                                        */s/ Christopher D. Dohrer*