UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSICA MARIE TROTTIER, a/k/a<br>JESSICA MARIE LATTERGRASS,<br><br>Defendant. | Case No. 3:22-cr-184<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS** |

The United States of America, by Nicholas W. Chase, United States Attorney for the District of North Dakota, Brett M. Shasky, Alex Stock, and Dawn M. Deitz, Assistant United States Attorneys, submits its response to Defendant Jessica Marie Trottier's ("Trottier") Motion to Dismiss and Brief in Support of Motion to Dismiss (Docs. 1157–1158). Trottier asserts dismissal is appropriate pursuant to the Speedy Trial Act and the Sixth Amendment. Id. The United States opposes the motion as meritless, and requests that it be denied in its entirety.

## BACKGROUND AND TIMELINE

Trottier was initially arrested on a Complaint (Doc. 1) and had her initial appearance on September 23, 2022. She has been in custody since that date. Since the Complaint, Trottier has been subject to an Indictment filed on or about October 5, 2022 (Doc. 80), Superseding Indictment filed on or about December 6, 2023 (Doc. 628), Second Superseding Indictment filed on or about April 18, 2024 (Doc. 751), and the current Third Superseding Indictment filed on or about July 17, 2024 (Doc. 842).

1

Trial in this matter was originally scheduled for August 1, 2023. (Doc. 437.) Several defendants moved to continue the trial date without objection. (Docs. 439; 446; 463.) The Court granted the continuance on July 10, 2023, and trial was then set for January 9, 2024. (Doc. 457.) Three codefendants subsequently moved to again continue the trial, and a single defendant (Matthew Wood) objected. (Docs. 578; 580; 601; 614.) The Court again granted the motions and reset trial for June 4, 2024. (Doc. 619.) In each of the orders granting the continuances the Court excluded all time from the date of its order until trial from the speedy trial calculation. (Docs. 457; 619.) Trottier did not object to any of the continuance motions.

In addition to the continuance motions, it should be noted that Trottier is currently on her third attorney/pair of attorneys appointed by the Court during these proceedings. Her current attorneys of record were appointed on April 8, 2025 (Doc. 1063), and May 14, 2025 (Doc. 1095). On April 14, 2025, Trottier filed a motion to continue the jury trial that was scheduled to begin July 22, 2025 "by approximately ninety (90) days," and noted a preference to "try the case, if possible, before December 1, 2025." (Doc. 1070.) The Court issued an Order Granting Motion to Continue Trial on April 22, 2025, rescheduling the trial to its current date of October 28, 2025 (Doc. 1084), also noting Trottier "executed a consent form acknowledging that the delay will be excluded from any calculation under the Speedy Trial Act." (Doc. 1071.) The Court also noted the case was previously designated as "complex" (Doc. 949) and that the ends of justice also outweighed the interest of the public and defendant in a speedy trial. (Doc. 1084.) On September 29, 2025, the instant motion to dismiss was filed. (Docs. 1157–1158.)

## LAW AND ARGUMENT

I. **Trottier's motion to dismiss on Speedy Trial Act grounds must be denied.**

Defendant has a constitutional right to a speedy trial. She also has a statutory right to a speedy trial "if unnecessary delay occurs . . . in bringing a defendant to trial." Fed. R. Crim. P. 48(b)(3). It is the United States' position that no speedy trial violation has occurred under the Speedy Trial Act or the Sixth Amendment.

The Speedy Trial Act requires a defendant's trial "commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). But "periods of delay" may be excluded from the seventy-day standard in many enumerated instances. 18 U.S.C. § 3161(h).[1] "Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" is excluded from the seventy-day calculation. "Where multiple defendants are joined for trial and no motion for severance has been granted, the statutory time period does not begin to run until the last codefendant has been indicted or arraigned." United States v. Patterson, 140 F.3d 767, 772 (8th Cir. 1998). "Thereafter, all

---

[1] The Speedy Trial Act also requires trial within 90 days of a person detained because he is awaiting trial, but the exclusions set forth in 18 U.S.C. § 3161(h) also apply to that deadline. 18 U.S.C. § 3164(b).

3

of the defendants are subject to one controlling speedy trial clock and any time periods excluded from the speedy trial calculations for one defendant will be applicable to the other defendants." United States v. Lightfoot, 483 F.3d 876, 886 (8th Cir. 2007).

The factors a judge considers in making this determination include "whether the case is so unusual or so complex . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" and if the trial is not unusual or complex, whether failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(ii); (iv).

In addition to the Speedy Trial Act, the Sixth Amendment provides defendants with a right to a speedy trial that "attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." United States v. Sprouts, 282 F.3d 1037, 1042 (8th Cir. 2002). In determining whether a violation has occurred, the Court must "balance four factors: (1) length of delay; (2) reason for delay; (3) defendant's assertion of the right; and (4) prejudice." United States v. Rodriguez-Valencia, 753 F.3d 801, 805 (8th Cir. 2014) (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)). None of the Barker factors is "either a necessary or sufficient condition to the finding of a deprivation of the right of a speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." Barker, 407 U.S. at 533. Rarely will a Sixth Amendment speedy trial violation be found if the Court first finds no

Speedy Trial Act violation has occurred. See United States v. Aldaco, 477 F.3d 1008, 1018–19 (8th Cir. 2007).

The final defendant (David Knuth) in this case was arraigned on June 2, 2023. (Doc. 417.) Thus, the Speedy Trial Act "clock" began to run for Trottier and all others on that date. The trial date was set for August 1, 2023. (Doc. 437.) Thereafter, several defendants filed motions to continue the trial on June 20, 2023, and June 29, 2023, so they would have adequate time to prepare and review discovery, tolling the speedy trial "clock" beginning on June 20, 2023. (Docs. 439; 446.) The Speedy Trial Act clock had used eighteen (18) days. There were no objections to the motions, and the Court granted the continuance requests on July 10, 2023, resetting trial to January 9, 2024. (Doc. 457.) Prior to the new trial date, Trottier herself, along with several other defendants, requested continuances of the January 9, 2024 trial date to adequately prepare for trial (Docs. 578; 580; 614), again tolling the speedy trial clock. No additional time had elapsed on the "clock." On November 30, 2023, the Court again granted the continuance on "ends of justice" grounds and excluded all time from the speedy trial calculation and reset the trial to June 4, 2024. (Doc. 619.)

Prior to the new trial date, on April 11, 2024, several motions were filed by Trottier's then counsel including a sealed motion (Doc. 739) and another motion to continue jury trial (Doc. 740), further tolling the speedy trial "clock." Trottier's CJA counsel then sought to withdraw, which the Court granted, and new CJA counsel was appointed for Trottier on April 30, 2024. (Doc. 763.) Due to the appointment of new counsel on April 30, 2024, for the June 4, 2024 trial date, the United States filed a motion

to continue jury trial to allow new counsel for Trottier to review the voluminous discovery and prepare for trial. (Doc. 793.) On May 22, 2024, the Court granted Trottier's sealed motion (Doc. 739). On May 28, 2024, the United States' motion to continue was granted and trial was reset to December 10, 2024. (Doc. 815.) All time was again excluded, and no time elapsed on the speedy trial "clock." Trottier's counsel filed a motion to continue a pending hearing on October 9, 2024 (Doc. 915), which the Court granted the same day (Doc. 920). A remaining co-defendant obtained new CJA counsel on October 3, 2024, (Doc. 913) and subsequently filed a motion to continue the trial due to need to prepare and review discovery. (Doc. 922.) A status conference was set for November 13, 2024, for remaining defendants. (Doc. 934). The speedy trial "clock" again tolled during this time. Thereafter, the Court issued an order that the jury trial was continued and reset for February 11, 2025, again noting the case is large and complex, with voluminous discovery, as well as an "ends of justice" finding. (Doc. 949.) The Court excluded all time from the date of the order to the trial date in February 2025. Id. Trottier's counsel again filed a motion to continue the jury trial on January 10, 2025 (Doc. 992), and the remaining co-defendant filed a motion to continue on January 18, 2025. (Doc. 1005.) The Court granted the motions on January 23, 2025, resetting the trial date to July 22, 2025. (Doc. 1009.)

Once again, new CJA counsel was appointed by the Court to represent Trottier on April 8, 2025 (Doc. 1063), followed by Trottier's latest motion to continue jury trial and Informed Consent to Continuance signed by Trottier and filed on April 14, 2025. (Docs. 1070; 1071.) In Trottier's motion to continue the July 22, 2025 trial date, she specifically

6

asked for a continuance of "approximately 90 days." (Doc. 1070 at 2.) The continuance was granted, and the jury trial was reset to October 28, 2025. (Doc. 1084.) All the pretrial motions by the parties in this case contributed to the delay of the trial date, but all times were excluded by the motions and rulings of the Court that the continuances were to allow time for various defendants to review the voluminous discovery and prepare for trial or negotiate plea agreements, as well as ends of justice determinations.

To date, it appears that the only time that has elapsed on the Speedy Trial Act claim is the period from June 2, 2023, to June 20, 2023, when the first motion to continue was filed. (Doc. 439.) That amounts to a period of eighteen (18) days. Because "all of the defendants are subject to one controlling speedy trial clock and any time periods excluded from the speedy trial calculations for one defendant will be applicable to the other defendants" the Speedy Trial Act time period has not expired. Lightfoot, 483 F.3d at 886.

Each of the Court's orders continuing the trial contained a provision excluding from any Speedy Trial Act calculation the time between the date of the order and the new trial date under 18 U.S.C. § 3161(h)(7)(A) and 18 U.S.C. §§ 3161(h)(7)(B)(i) and (iv). (Docs. 457; 619.) In addition, the time period between the filing of a pretrial motion and the order on the motion is excluded pursuant to the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(D). Thus, all the time that has elapsed since June 20, 2023, has been excluded under the Speedy Trial Act. Trottier has never submitted any form of objection to any of the continuance requests and has made several continuance motions of her own. Nor has Trottier objected to the Court's findings of good cause or its exclusions of time

7

in any of the Orders. No Speedy Trial Act violation has occurred as only eighteen (18) days have elapsed out to the 70-day period under the Act.

## II. Trottier's Sixth Amendment speedy trial rights have not been violated.

Although this case has been pending since October 2022, Trottier's Sixth Amendment right to a speedy trial has not been violated. Under the *ad hoc* balancing test required by Barker v. Wingo, the delay in bringing this case to trial is not unreasonable, particularly in light of the fact that no Speedy Trial Act violation has occurred. See United States v. Jeanetta, 533 F.3d 651, 656 (8th Cir. 2008) ("It would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not.").

The first Barker factor is the length of the delay. The approximately 37-month delay between Defendant's initial appearance and trial may arguably meet the threshold for presumptively prejudicial delay, which would require consideration of the other factors. See Jeanetta, 533 F.3d at 656 (assuming 15-month delay to be presumptively prejudicial).

The second Barker factor is the reason for the delay, which requires the Court to determine "whether the government or the criminal defendant is more to blame." Rodriguez-Valencia, 753 F.3d at 806. Courts afford different weights to different reasons. Intentional delay by the government, for example, weighs heavily against it, while government negligence weighs less heavily against it but is still a "considerable factor." United States v. Erenas-Luna, 560 F.3d 772, 777 (8th Cir. 2009) (cleaned up). Delays caused by the defense are weighed against the defendant. Id. The delay in bringing this case to trial weighs against the defense. The Court has granted multiple continuances in

8

this case at the request of Trottier and other defendants, not the United States. The only continuance request by the United States was related to new counsel being appointed to Trottier with approximately one month left before trial, not nearly enough for counsel to review discovery and prepare for trial. None of the other delays can be attributed to the United States. Additionally, Trottier is on her third attorney/team of attorneys. See, e.g., Aldaco, 477 F.3d at 1019 (attributing delay to defendant's pretrial motions and change in counsel). This factor clearly weighs against Trottier.

The third Barker factor "considers whether in due course the defendant asserted his right to a speedy trial." Rodriguez-Valencia, 753 F.3d at 807 (cleaned up). Trottier has never indicated any objection to the continuances by co-defendants, nor has she asserted her speedy trial rights until the current motion. Nor has she made any objection to the Court's numerous orders granting continuance requests. While Trottier's rights under the Sixth Amendment and Speedy Trial Act are not identical, her prior lack of concern with the pace of proceedings in this case weighs against her claim.

The final Barker factor addresses prejudice to a defendant resulting from the delay. Rodriguez-Valencia, 753 F.3d at 807. Prejudice is "in the light of the interests of defendants which the speedy trial right was designed to protect. . . . (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Id. at 807–08 (cleaned up).

Trottier has not put forth any relevant arguments related to prejudice she has suffered. Rather, she asserts prejudice as "[w]itnesses have come and gone, memories have changed or faded, and as such, Trottier's defense has been prejudiced." (Doc. 1158

9

at 6.) Trottier makes no specific claims as to which witnesses have "come and gone," nor which witnesses' "memories have changed or faded." Id. It is merely defense speculation as to these arguments. Trottier's Sixth Amendment speedy trial rights have not been violated.

## CONCLUSION

Trottier's claim that the Speedy Trial Act and Sixth Amendment right to speedy trial have been violated are without merit. She ignores the fact that codefendants had filed motions, and no objection was made by Trottier or anyone else. The Speedy Trial Act, nor the Sixth Amendment were violated under the record of proceedings in this case. For these reasons, Trottier's motion should be denied.

Dated: October 14, 2025

NICHOLAS W. CHASE
United States Attorney

By:  /s/ Alexander J. Stock
ALEXANDER J. STOCK
Assistant United States Attorney
ND Bar ID 07979
655 First Avenue North, Suite 250
Fargo, ND 58102-4932
(701) 297-7400
alexander.stock@usdoj.gov
Attorney for United States

By:  /s/ Brett M. Shasky
BRETT M. SHASKY
Assistant United States Attorney
ND Bar ID 04711
655 First Avenue North, Suite 250
Fargo, ND  58102-4932
(701) 297-7400
brett.shasky@usdoj.gov
Attorney for United States

<div style="margin-left: 3em;">

By:     /s/ *Dawn M. Deitz*
        DAWN M. DEITZ
        Assistant United States Attorney
        ND Bar ID 06534
        655 First Avenue North, Suite 250
        Fargo, ND  58102-4932
        (701) 297-7400
        dawn.deitz@usdoj.gov
        Attorney for United States

</div>